GORDILS ET AL., PLAINTIFFS AND RESPONDENTS, *v.* SUCCESSORS OF FRONTERA, LTD., ET AL., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Mayagüez in an Action to Annul Deeds.

No. 1064.—Decided July 27, 1914.

FRAUD—EVIDENCE.—Evidence of fraud should be strong.

ID.—POWER OF ATTORNEY—EVIDENCE.—Upon considering the evidence in this case it was held that it was insufficient to show that the execution of the power of attorney assailed in this action was attended by fraud and deceit.

POWER OF ATTORNEY — CONSTRUCTION. — Powers of attorney must be construed strictly.

ID.—LIMIT OF POWER.—When the only authority granted the attorney in fact is that of borrowing money and securing its payment by mortgage, he is not empowered to acknowledge former debts nor to secure them by mortgage.

CONSIDERATION—ACKNOWLEDGMENT OF DEBT BY ATTORNEY IN FACT.—Even supposing that the deed of acknowledgment of a debt and the creation of a mortgage was not void because the attorney in fact exceeded his authority, it would be so for lack of consideration, it having been shown that the principal did not owe the debt acknowledged by the attorney in fact.

APPEAL—BRIEF—FUNDAMENTAL ERROR.—When both parties appeal from the same judgment and do not file briefs together with the assignment of errors required by Rule 42, this court, pursuant to Rule 43, may refuse to consider the appeal when it finds no fundamental error in the judgment appealed from.

The facts are stated in the opinion.

Mr. *Luis Montalvo Guenard* for the respondents.

Mr. *José Sabater* for Successors of Frontera, Ltd.

MR. JUSTICE ALDREY delivered the opinion of the court.

Romana Gordils Rosario and her husband, Gavino Irizarry, filed a complaint in the District Court of Mayagüez against the Successors of Frontera, Limited, and José Vázquez Caraballo, to annul a power of attorney made by Romana Gordils in favor of José Vázquez Caraballo and a mortgage created by Vázquez Caraballo in favor of the firm of the Successors of Frontera, Limited, in use of the said power of attorney. The fundamental allegations of the complaint were that the power of attorney was executed under surprise and on account of deceit practiced by the defendant, Vázquez Caraballo, in collusion with the commercial firm of the Successors of Frontera, Limited, and was the result of deceptive artifice, and also that even if the power of attorney were genuine and really executed with the consent of the plaintiff, Romana Gordils, the mortgage is null and void because the attorney in fact exceeded the powers conferred upon him.

José Vázquez Caraballo was adjudged in default, but the defendant firm appeared and answered the complaint, denying the material allegations thereof and alleging new matter of defence.

After the trial the District Court of Mayagüez rendered judgment sustaining the complaint on all its counts and decreeing that the power of attorney and mortgage deed were null and void; that the plaintiffs are under no obligation to the firm of the Successors of Frontera, Limited, by reason of the covenants contained in the before-mentioned instruments, and that the Successors of Frontera, Limited, and José Váz-

quez Caraballo pay to the plaintiffs in equal parts all the costs and disbursements of the suit and, besides, that the said firm pay a reasonable sum as the fee of the attorney for the plaintiffs.

From the facts set out in the statement of the case submitted to us, it appears that toward the close of the year 1910 José Vázquez Caraballo requested the plaintiffs to be his surety for a debt of $100 which he owed to the commercial firm of Successors of Frontera, Limited, and they having agreed to do so, Romana Gordils y Rosario went before a notary on September 10 of that year and acknowledged that she was indebted to the firm of the Successors of Frontera, Limited, in the sum of $100 and executed a mortgage in their favor on a property belonging to her. This contract, however, is not at issue in the present action nor does the plaintiff, Romana Gordils, deny that she gave this security to the defendant firm, it being referred to simply as an antecedent of the other facts alleged to have occurred and which gave rise to the present action.

It is contended by the plaintiff-respondents that Vázquez Caraballo, under the fraudulent pretext that the party subscribing the said contract had to appear anew before a notary in order to receive the acquittance for the $100 whose payment she had guaranteed and which he stated, he had paid, made her sign under that impression a document which afterwards was found to be the power of attorney No. 115 of February 23, 1911, executed by her in favor of José Vázquez Caraballo, but although evidence was introduced to prove the said fraud and it was alleged in the complaint that the said deed was the result of collusion between Vázquez Caraballo and the defendant firm, and although the lower court held the said document to be fraudulent, nevertheless we agree with the appellant that the evidence is not sufficient to support that finding.

In the first place, there is no evidence whatever to show that the firm took any part in the execution of the said power

of attorney; all the evidence as to fraud consists in the testimony of Romana's husband, who has no other knowledge of the facts than that he gave his wife permission to guarantee the payment of the said $100 which Vázquez Caraballo owed; the testimony of Romana Gordils that Vázquez, after telling her that she was required to go before a notary to secure an acquittance of the former obligation, induced her to sign a document which she did not read and which she believed to be such deed of acquittance but which later was found to be a power of attorney; the testimony of Adolfo Torrellas, a witness to the power of attorney, who testified that the document which Romana Gordils signed without reading was a power of attorney in favor of Vázquez Caraballo; that he heard them speaking of a deed of acquittance and that he afterwards said to Vázquez Caraballo that the document signed was not a deed of acquittance but a power of attorney; the testimony of Juan Rivera that he heard Vázquez Caraballo tell Romana Gordils at her home that she had to go to town to sign a deed of acquittance. Other witnesses testified regarding facts which bear no relation to the alleged fraud.

In our opinion the foregoing evidence is not sufficient to justify the conclusion that the power of attorney was executed by fraud or misrepresentation. Proof of fraud must always be conclusive, and the testimony of the two witnesses, together with that of the plaintiff, Romana Gordils, does not show that when she signed the document she did not know that she was signing a power of attorney in favor of Vázquez Caraballo, for the testimony of witnesses Rivera and Torrellas is not sufficient and therefore we cannot agree with that part of the judgment which decrees the nullity of the deed on the ground of fraud.

The power of attorney confers authority "to borrow any amount from any person he may deem advisable, under the conditions and for the time that he may deem best, and to mortgage a rural coffee plantation in favor of the lender as a security for said loans."

The foregoing is the only clause in the said power of attorney, and bearing in mind that powers of attorney should always be construed strictly and that attorneys in fact have no other powers than those conferred by their principals, we are of the opinion that this is a special power which confers upon the attorney in fact the authority only to borrow money and to execute a mortgage for the amounts borrowed.

Under this power of attorney José Vázquez Caraballo, on March 10, 1911, executed before a notary public deed No. 138 acknowledging that Romana Gordils Rosario was indebted to the firm of the Successors of Frontera, Limited, in the sum of $800 which had been furnished her some time before on various accounts and created a mortgage in favor of the said firm upon a property, which is described, as security therefor.

Said acknowledgment of debt and creation of mortgage are null and void because the attorney in fact exceeded his powers, for the acts of an attorney in fact when he exceeds the limits of the power of attorney under which he acts cannot be regarded as legal or valid unless the same shall have been ratified expressly or implicitly by the principal, according to section 1629 of the Civil Code. Romana Gordils had empowered him only to borrow money and to give a mortgage for the said loans, but had not authorized him to make any acknowledgment of debt nor, consequently, to mortgage her property for such kind of debt, but only to secure the amounts he might borrow.

Besides, it was shown at the trial by the testimony of the manager of the said firm that Romana Gordils had never had an account with the said firm and was not indebted to it when the contract was made, which also shows that if the mortgage were not void because of the transcending by the attorney in fact of his authority it would be null and void because of lack of consideration. Although the appellant firm acknowledges that Romana Gordils was not indebted to the firm of the Successors of Frontera, Limited, it maintains, nevertheless, that the consideration for the mortgage deed was the

security which by the mortgage the said Romana Gordils wished to create in favor of the said firm in guaranty of the payment of $800 which José Vázquez Caraballo owed them. But even accepting the appellant's theory, the mortgage deed would still lack consideration, inasmuch as, according to the testimony of the manager of the said firm, José Vázquez Caraballo did not owe them $800 when the mortgage was executed, and, according to the account current offered in evidence, did not owe them that amount until April 27, 1911, or one month after the deed was executed. Therefore, as the consideration stated in the contract was false and it not having been proved, in accordance with section 1243 of the Civil Code, that it was based on another genuine and lawful consideration, we must hold that the mortgage is null and void for the reasons stated.

On this point and as regards the costs, disbursements, and fees, the judgment should be affirmed.

There is also included in the transcript of the record an appeal taken by the plaintiffs and by the defendants from a decision of the said court of September 22, 1913, approving the bill of costs with certain amendments, but as neither of the appellants has complied with rule 42 of this court requiring the filing of a brief with an assignment of the errors on which the appeal was based, in accordance with rule 43, we shall not consider that appeal as we see no fundamental error in the decision appealed from.

*Affirmed in part and reversed as to the power
of attorney in controversy.*

Chief Justice Hernández and Justices Wolf and del Toro concurred.

Mr. Justice Hutchison took no part in the decision of this case.